## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| FAVIOLA A. VAZQUEZ, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:21-cv-02446 |
| LAW OFFICES OF CRYSTAL MORONEY, P.C., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes FAVIOLA A. VAZQUEZ ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of LAW OFFICES OF CRYSTAL MORONEY, P.C. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.,* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a subtotal portion of the events that gave rise to this action occurred within the Northern District of Illinois.

### PARTIES

1

4.   Plaintiff is a consumer over 18 years-of-age residing in Oak Lawn, Illinois, which lies within the Northern District of Illinois.

5.   Defendant is a collection agency and law firm organized under the laws of the State of New York. Defendant is headquartered at 17 Squadron Blvd., Suite 305, New City, New York 10956. Defendant regularly collects from consumers in the State of Illinois.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7.   The instant action arises out of Defendant's attempts to collect upon a personal education obligation purportedly owed to Governor State University ("GSU") bookstore ("subject debt").

8.   Specifically, the subject debt is said to stem from purportedly past due balances Plaintiff is said to owe to GSU's bookstore in connection with books that were rented.

9.   Upon information and belief, after Plaintiff's purported default on the subject debt, the subject debt was charged off and turned over to Defendant for collection purposes.

10.  Around March 2021, Plaintiff began receiving calls to her cellular phone, (630) XXX-2959, from Defendant.

11.  At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -2959.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

12.  Defendant has primarily used the phone number, (888) 225-8801, when placing calls to Plaintiff's cellular phone, but upon belief, Defendant has used other phone numbers as well.

13. Upon information and belief, the above aforementioned phone number is regularly utilized by Defendant during its debt collection activity.

14. Plaintiff's initial conversation with Defendant occurred on or around March 12, 2021.

15. Upon speaking to Defendant, Plaintiff advised Defendant that she was at work and would have to call it back. .

16. On or around March 15, 2021 Plaintiff called back and requested a validation of the subject debt as she was confused as to how the debt reached over $600 in total, as the books she rented were nowhere near that valuable – and further Plaintiff believed she had returned any and all rented books to GSU..

17. Subsequently, Defendant outright refused to provide Plaintiff with any of the validation information she requested and falsely stated that Plaintiff was required to get that information directly from GSU.

18. Defendant's refusal to provide Plaintiff with any documentation regarding the subject debt was particularly distressing to Plaintiff, as she was simply trying to ascertain the nature of her purported liability on the subject debt and determine the legitimacy of Defendant's collection efforts.

19. Rather than provide Plaintiff the documentation to which she was entitled, Defendant instead placed phone calls to Plaintiff's cellular phone attempting to collect upon the subject debt.

20. Upon information and belief, Plaintiff believes that Defendant added impermissible collection fees and costs to the balance of the subject debt which led to the grossly inflated total.

21. Upon further information and belief, Defendant refused to provide Plaintiff with the validation requested in a deceptive and misleading attempt to hide the grossly inflated amounts it was attempting to collect from Plaintiff.

3

22. In addition, during subsequent conversations with Plaintiff, Defendant failed to disclose that it was acting as a debt collector attempting to collect on the subject debt.

23. Defendant's failure to state who it was further caused Plaintiff to be confused as to the nature of Defendant's role in connection with the subject debt, further causing Plaintiff to believe Defendant's collection efforts to be fraudulent in nature.

24. Frustrated over Defendant's conduct, Plaintiff spoke with her undersigned attorney regarding her rights, resulting in exhausting time and resources.

25. Plaintiff has been harassed and misled as a result of Defendant's conduct, as she has been subjected to continual and repeated collection efforts despite Defendant's inability to provide the validation which Plaintiff requested.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, emotional distress, deprivation of substantial information designed to assist Plaintiff in charting an intelligent course of conduct in response to Defendant's collection efforts, deprivation of the ability to intelligently respond to Defendant's collection efforts, and further risk of harm stemming from her diminished ability to intelligently respond to Defendant's collection efforts, and risk of making payment in connection with an obligation at an amount significantly greater than her actual obligation on such debt.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

29. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

30. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

31. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692d

32. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

33. Defendant violated § 1692d when it harassingly refused to provide Plaintiff with validation of the subject debt. Plaintiff was being subjected to collection efforts for a debt and amount which she believed to be grossly inflated – and, as such, made a reasonable request to be provided validation from Defendant. Rather than provide such information, Defendant instead patently refused to do so, and referred Plaintiff to GSU for this information – despite Defendant being the one demanding payment from Plaintiff. Such blanket refusal to provide any information regarding the subject debt had the natural consequence of harassing Plaintiff, a consumer who was simply trying to figure out whether she should pay the subject debt.

34. Defendant further violated § 1692d through its efforts to attempt to collect an amount greater than Plaintiff's actual obligation on the subject debt. Upon information and belief, Defendant grossly inflated the amount said to be owed by Plaintiff in connection with the subject debt, and subsequently sought to cover up such inflated amounts through its refusal to provide

information to Plaintiff that would support the legitimacy of Defendant's collection efforts. Such conduct had the natural consequence of harassing and abusing Plaintiff.

### b. Violations of FDCPA § 1692e

35. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

36. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, of legal status of any debt." 15 U.S.C. § 1692e(2)(A);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10); and,

> "The failure to disclose . . . in subsequent communications that the communication is from a debt collector." 15 U.S.C. §1692e(11).

37. Defendant violated §§ 1692e, e(2), and e(10) through its failure to clearly and fairly communicate information about the subject debt to Plaintiff. During its conversation with Plaintiff, Plaintiff was seeking information from Defendant that would have allowed her to better understand the nature of Defendant's collection efforts; however, rather than provide Plaintiff with substantive information to which she was entitled, Defendant instead misleadingly represented that it was not required to provide Plaintiff with such information by bluntly refusing to provide it, going even further to deceptively suggest that Plaintiff was required to contact GSU for such information.

38. In addition, Defendant violated §§ 1692e, e(2)(A), e(10), and e(11) when it failed to disclose that the communication was from a debt collector in a subsequent communication with Plaintiff. Defendant obfuscated its role in connection with the subject debt in order to avoid

Plaintiff attaching the stigma upon Defendant that would have come about had Defendant clarified that it was a debt collector.

39. Additionally, defendant violated §§ 1692e and e(10) when it deceptively directed Plaintiff that she had to contact Governor State University in order to receive a validation of the subject debt. Such deceptive and misleading representation was done in an effort to compel Plaintiff to pay the subject debt as the only means available to go about stopping Defendant's phone calls.

40. Defendant further violated §§ 1692e, e(2), and e(10) when it deceptively and misleadingly inflated the amount of Plaintiff's actual obligation in connection with the subject debt.

### c. Violations of FDCPA § 1692f

41. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

42. Defendant violated §1692f when it unfairly and unconscionably refused to provide Plaintiff with substantive information designed to help Plaintiff ascertain the nature and extent of her purported liability in connection with the subject debt.

43. Defendant further violated § 1692f when it unfairly obfuscated its status as a debt collector in its conversations with Plaintiff.

44. Additionally, Defendant violated § 1692f when it unfairly inflated Plaintiff's obligation on the subject debt and subsequently refused to provide any documentation demonstrating the propriety of its conduct.

45. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

### d. Violations of FDCPA § 1692g

46.  The FDCPA, pursuant to 15 U.S.C. § 1692g(b), provides that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

47.  Defendant violated § 1692g(b) through its blanket refusal to honor Plaintiff's dispute or provide validation regarding the subject debt. Such refusal, done during Plaintiff's 30-day validation period, was inconsistent with, and overshadowed, Plaintiff's right to submit a dispute and seek validation of the same from Defendant. Rather than clarify to Plaintiff that she could avail herself of certain procedures to receive validation of the subject debt, Defendant's conduct instead suggested to Plaintiff that Defendant did not have to provide any validation of the subject debt and that such information was only available from the original creditor. This conduct resulted in Plaintiff's otherwise-available dispute and validation rights being overshadowed in a manner that harmed Plaintiff, as she was deprived vital information and was led to believe she could nothing but pay the subject debt in order to address Defendant's collection conduct.

WHEREFORE, Plaintiff, FAVIOLA A. VAZQUEZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f.   Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 6, 2021                          Respectfully Submitted,

                                            s/ Nathan C. Volheim (Lead Attorney)
                                            Nathan C. Volheim, Esq. #6302103
                                            *Counsel for Plaintiff*
                                            Sulaiman Law Group, Ltd.
                                            2500 South Highland Ave., Suite 200
                                            Lombard, Illinois 60148
                                            (630) 568-3056 (phone)
                                            (630) 575-8188 (fax)
                                            nvolheim@sulaimanlaw.com